Daniel F. Fears, State Bar No. 110573
dff@paynefears.com
Andrew K. Haeffele, State Bar No. 258992
akh@paynefears.com
Leilani L. Jones, State Bar No. 298896
llj@paynefears.com
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile:  (949) 851-1212

Attorneys for Defendants CVS PHARMACY,
INC., CVS HEALTH SOLUTIONS LLC, and
GARFIELD BEACH CVS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DAVIS, an individual,<br><br>     Plaintiff,<br><br>     v.<br><br>CVS PHARMACY, INC., a Rhode Island corporation; CVS HEALTH SOLUTIONS LLC, a Delaware limited liability company; GARFIELD BEACH CVS, L.L.C., a California limited liability company; and DOES 1 through 50, inclusive,<br><br>     Defendants. | Case No.  2:21-cv-02484<br><br>[Los Angeles County Superior Court Case No. 21STCV04310]<br><br>**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**<br><br>Trial Date:      None Set |

    **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO ANTHONY DAVIS AND TO HIS COUNSEL OF RECORD:**

    **PLEASE TAKE NOTICE** that Defendants CVS Pharmacy, Inc., CVS Health Solutions, LLC, and Garfield Beach CVS, LLC  (collectively, "Defendants" or "CVS") hereby remove this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1 | Central District of California, on the following grounds:

2

3 | I.   **INTRODUCTION**

4 | 1.   This Court has jurisdiction over this action because complete diversity

5 | exists between Plaintiff Anthony Davis ("Plaintiff") and CVS.

6 | 2.   Plaintiff is a citizen of the State of California, and was a citizen at the

7 | time of the filing of his Complaint.

8 | 3.   CVS Pharmacy, Inc. is now, and was at the time this action was

9 | commenced, a citizen of the State of Rhode Island within the meaning of 28 U.S.C.

10 | section 1332. At all material times, CVS Pharmacy, Inc. was a corporation under the

11 | laws of the State of Rhode Island, and has at all material times maintained its

12 | principal place of business, including its corporate headquarters, in the State of

13 | Rhode Island.

14 | 4.   Garfield Beach CVS, LLC ("Garfield Beach") is now, and was at the

15 | time this action was commenced, a citizen of the State of Rhode Island within the

16 | meaning of 28 U.S.C. section 1332. At all material times, Garfield Beach was a

17 | limited liability company whose sole-member, CVS Pharmacy, Inc., has at all

18 | material times been a Rhode Island Corporation that has maintained its principal

19 | place of business, including its corporate headquarters, in the State of Rhode Island.

20 | 5.   CVS Health Solutions, LLC is now, and was at the time this action was

21 | commenced, a citizen of the State of Rhode Island within the meaning of 28 U.S.C.

22 | section 1332. At all material times, CVS Health Solutions, LLC was a limited

23 | liability company whose sole-member, CVS Pharmacy, Inc., has at all material

24 | times been a Rhode Island Corporation that has maintained its principal place of

25 | business, including its corporate headquarters, in the State of Rhode Island.

26 | 6.   Plaintiff's Complaint, on its face, contemplates a matter in controversy

27 | that exceeds the sum or value of $75,000, exclusive of interest and costs.

28 | 7.   Pursuant to 28 U.S.C. section 1446(b), this case is being removed

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-2-
PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

1  within thirty (30) days of CVS's receipt of a document (the "Complaint") where
2  diversity of citizenship is apparent.

3  **II.    THE STATE COURT ACTION**

4         8.     On or about February 3, 2021, Plaintiff filed an action against CVS
5  titled "*Anthony Davis, an individual, Plaintiff, v. CVS Pharmacy, Inc., a Rhode*
6  *Island corporation; CVS Health Solutions, LLC, a Delaware limited liability*
7  *company; Garfield Beach CVS, L.L.C., a California corporation; and DOES 1*
8  *through 50, inclusive, Defendants*" in the Superior Court of the State of California,
9  County of Los Angeles, Case No. 21STCV04310 (the "State Court Action").

10        9.     True and correct copies of the Summons and Complaint served on CVS
11 are attached hereto as **Exhibit A.**

12        10.    In his Complaint, Plaintiff alleges the following causes of action:
13 (1) Disability Discrimination, (2) Failure to Make a Reasonable Accommodation;
14 (3) Failure to Engage in the Interactive Process; (4) Failure to Take All Reasonable
15 Steps Necessary to Prevent Disability Discrimination; (5) Retaliation; (6) Violation
16 of Cal. Family Rights Act; (7) Intentional Infliction of Emotional Distress; and (8)
17 Wrongful Termination in Violation of Public Policy

18        11.    On March 22, 2021, CVS timely filed an Answer to the Complaint. A
19 true and correct copy of CVS's Answer is attached hereto as **Exhibit B.**

20        12.    The Summons, Complaint, and Answer constitute the pleadings,
21 process, and orders served upon or by CVS in the State Court Action.

22 **III.   COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND CVS**

23        13.    The Complaint, and each cause of action alleged therein, may be
24 properly removed on the basis of diversity jurisdiction, in that this is a civil action
25 between citizens of different states and the amount in controversy exceeds the sum
26 of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

27
28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**A.    Plaintiff is a Citizen of the State of California**

14.    Plaintiff is now, and was at the time this action was commenced, a citizen of the State of California, residing in Los Angeles County, within the meaning of U.S.C. § 1332(a) – his place of residence and domicile are, and were, located within the State of California. ***See Ex. A at ¶ 2***; *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is his permanent home, where he resides with the intention to remain or to which he intends to return."); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (explaining that residency creates a rebuttable presumption of domicile for purposes of establishing diversity of citizenship).

15.    Upon information and belief, including the fact that Plaintiff resides in the State of California and was employed by CVS in the State of California from 2008 to 2019, Plaintiff is, and was at all relevant times, a citizen of the State of California. "[A]t the pleading stage, allegations of jurisdictional fact need not be proven unless challenged."  *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016); *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227–28 (9th Cir. 2019).

**B.    CVS Pharmacy, Inc. is a Citizen of the State of Rhode Island**

16.    If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

17.    CVS Pharmacy, Inc. is now, and was at all material times, a corporation organized under the laws of the State of Rhode Island, which at all material times has maintained its principal place of business, including its corporate headquarters, in the State of Rhode Island. CVS Pharmacy, Inc.'s principal place of business is in Woonsocket, Rhode Island. 28 U.S.C. §1332(c); *Hertz Corp.*, 130 S. Ct. at 1192 ("[W]e conclude that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1 │ the corporation's activities").

2 │     18.    CVS Pharmacy, Inc. is now, and was at all material times,

3 │ headquartered in Woonsocket, Rhode Island. CVS Pharmacy, Inc.'s officers and

4 │ directors are employees whose offices are located at its headquarters in Woonsocket,

5 │ Rhode Island. CVS Pharmacy, Inc.'s high-level officers direct, control, and

6 │ coordinate the corporation's operations from its headquarters in Woonsocket, Rhode

7 │ Island. As a result, nearly all of CVS Pharmacy, Inc.'s corporate decisions are made

8 │ in Rhode Island, including operational, executive, administrative, and policymaking

9 │ decisions. For this additional reason, CVS Pharmacy, Inc. is a citizen of Rhode

10 │ Island. *See Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994)

11 │ (corporation is a citizen of state in which its corporate headquarters are located and

12 │ where its executive and administrative functions are performed).

13 │     19.    Therefore, for the purpose of determining jurisdiction, CVS Pharmacy,

14 │ Inc. was not (and is not) a citizen of the State of California, but rather, it was (and

15 │ is) a citizen of the State Rhode Island.

16 │     **C.**    **Garfield Beach, LLC is a Citizen of the State of Rhode Island**

17 │     20.    If a party is a limited liability company, it is a citizen of every state of

18 │ which its owners/members are citizens. *3123 SMB LLC v. Horn*, 880 F.3d 461, 465

19 │ (9th Cir. 2018); citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894,

20 │ 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a

21 │ partnership, an LLC is a citizen of every state of which its owners/members are

22 │ citizens.").

23 │     21.    Garfield Beach is now, and was at all material times, a single-member

24 │ limited liability company.  The sole member of Garfield Beach is CVS Pharmacy,

25 │ Inc.

26 │     22.    If a party is a corporation, it is a citizen of both its state of

27 │ incorporation and the state where it has its principal place of business. 28 U.S.C. §

28 │ 1332(c)(1); *Hertz Corp.*, 130 S. Ct. at 1192.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-5-

23.     CVS Pharmacy, Inc. is now, and was at all material times, a corporation organized under the laws of the State of Rhode Island, which at all material times has maintained its principal place of business, including its corporate headquarters, in the State of Rhode Island. CVS Pharmacy, Inc.'s principal place of business is in Woonsocket, Rhode Island. *See* **Section III.B.,** *supra.*

24.     Therefore, for the purpose of determining jurisdiction, Garfield Beach was not (and is not) a citizen of the State of California, but rather, it was (and is) a citizen of the State of Rhode Island based on the citizenship of its sole member, CVS Pharmacy, Inc.

### D.     CVS Health Solutions, LLC is a Citizen of the State of Rhode Island

25.     If a party is a limited liability company, it is a citizen of every state of which its owners/members are citizens. *3123 SMB LLC*, 880 F.3d at 465.

26.     CVS Health Solutions, LLC is now, and was at all material times, a single-member limited liability company organized under the laws of the state of Delaware. The sole member of CVS Health Solutions, LLC is CVS Pharmacy, Inc.

27.     CVS Pharmacy, Inc. is now, and was at all material times, a Rhode Island corporation with its principle place of business in Woonsocket, Rhode Island. *See* **Section III.B.,** *supra.*

28.     Therefore, for the purpose of determining jurisdiction, CVS Health Solutions was not (and is not) a citizen of the State of California, but rather, it was (and is) a citizen of the State of Rhode Island based on the citizenship of its sole member, CVS Pharmacy, Inc.

29.     "Doe" Defendants fictitiously named, but not served, are not joined in this Petition and Notice of Removal, and shall be disregarded for the purpose of determining removal jurisdiction. 28 U.S.C. § 1441(b)(1). In determining whether diversity of citizenship exists, only the named defendants are considered. *Newcombe v. Adolf Coors Co.* 157 F. 3d 686, 690-691 (9th Cir. 1998).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

30.     Accordingly, complete diversity exists between Plaintiff (California) and the CVS defendants (Rhode Island).

## IV.     THE AMOUNT IN CONTROVERSY EXCEEDS THE $75,000 JURISDICTIONAL MINIMUM

31.     The jurisdictional minimum amount that must be in controversy, over $75,000, was satisfied at the time of the filing of this action and is still satisfied by the facts set forth herein and described more specifically below. 28 U.S.C. § 1332(a) ("[D]istrict courts …  have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between … citizens of different States."); *see also Matheson v. Progressive Specialty Ins., Co*., 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").

32.     CVS discusses the allegations below solely to demonstrate that the amount in controversy in this matter exceeds $75,000.  CVS denies that Plaintiff is entitled to any damages and that Plaintiff will be able to recover on any of his theories of recovery.

33.     In assessing the amount in controversy, this Court may, for removal purposes, look to the removal papers and the pleadings, as well as summary judgement type evidence.  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Singer v. State Farm Mutual Auto Ins. Co*., 116 F.3d 373, 376 (9th Cir. 1997); *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992).

### A.     The Amount in Controversy is Measured by the Damages and Attorneys' Fees "At Stake" in the Litigation, to which the Plaintiff Would be Entitled if He Prevails

34.     In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and

assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted, emphasis added). In addition, the Court should aggregate damages in determining whether the controversy exceeds $75,000. *See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a single plaintiff seeks to aggregate two or more of his own claims against a single defendant") (internal quotations omitted).

35.     Additionally, as the Ninth Circuit has recently clarified, "the amount in controversy is not limited to damages incurred prior to removal - for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)[; but] rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez*, 888 F.3d at 414.

### B.     Economic Damages in the Form of Lost Wages

36.     Plaintiff seeks damages associated with economic losses and damages. *See* **Ex. A at ¶¶ 103, 124, 132, and 144**. At the time of his separation (June 1, 2020) Plaintiff was employed as a Store Team Leader and his hourly rate was $34.41 (making, on average, approximately $3,386 bi-weekly, or $1,693/week.) *See* **Declaration of Hillary Williams at ¶ 3, Exs. 1 & 2.**

37.     By the time this case is statistically likely to be resolved at trial (November 2022 or 20 months from the date of removal),[1] Plaintiff will have

---

[1] Statistics maintained by the Administrative Office of the United States Courts pursuant to 28 U.S.C. § 604(a)(2) indicate that in the Central District of California, the median time from filing a civil action in federal court to final disposition of the action through trial is 20 months. ***See* Declaration of Leilani E. Jones, Ex. 1.** CVS requests that the Court take judicial notice of these facts pursuant to Federal Rule of Evidence 201.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1  incurred significant damages—well over the $75,000 jurisdictional threshold—in

2  alleged lost wages alone.[2]

3      **C.**    **Attorneys' Fees**

4      38.    Where an underlying statute authorizes an award of attorneys' fees,

5  such potential fees may be included in calculating the amount in controversy. *See*

6  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Here, Plaintiff

7  seeks such fees. ***See* Ex. A, Prayer for Relief ¶ 5**.

8      39.    As the Ninth Circuit explained in *Chavez*, when determining the

9  amount in controversy, attorneys' fees are calculated based on the *total* possible

10  recovery, and not just fees incurred as of the time of removal. *Chavez*, *supra*, 888

11  F.3d at 417 ("That the amount in controversy is assessed at the time of removal does

12  not mean that the mere futurity of certain classes of damages precludes them from

13  being part of the amount in controversy."); *Lucas v. Michael Kors (USA), Inc*., No.

14  2018 WL 2146403, at *11 (C.D. Cal. 2018) ("The broad holding [in *Chavez*]

15  strongly suggests that the Ninth Circuit would find it appropriate to consider post-

16  removal attorneys' fees. Therefore, the Court agrees that unaccrued post-removal

17  attorneys' fees can be factored into the amount in controversy."); *Bernstein v. BMW*

18  *of N. Am., LLC*, 2018 WL 2210683, at *2 (N.D. Cal. 2018) ("The Ninth Circuit's

19  recent decision in *Chavez* . . . holding that the amount in controversy is what is at

20  stake in the litigation at the time of removal suggests that the attorneys' fees in the

21  context of the amount in controversy requirement should be calculated based on the

22  total possible recovery and not just the fees incurred to date—resolving a previously

23  unresolved question.").

24      40.    Assuming that a conservative amount of pre-trial fact discovery (50

25  hours), pre-trial expert discovery (20 hours), trial preparation (40 hours), and trial

26

27        [2] $1,376.40 per week multiplied by the 126 weeks between Plaintiff's

28  separation of employment (June 1, 2020) and trial (November 2022).

PAYNE & FEARS LLP

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

attendance (45 hours) occurs in this case, it is very well likely that an attorneys' fee award alone would exceed $75,000. It is, at the very least, *plausible* that an attorneys' fee award in this matter will exceed $75,000.

**D.** **Emotional Distress Damages**

41.    Plaintiff also claims damages for emotional distress. ***See* Ex. A at ¶¶ 59, 66, 73, 80, 87, 95, 100, 106, and Prayer for Relief.**

42.    A review of jury verdicts in California demonstrates that emotional distress awards in discrimination or retaliation cases commonly exceed $75,000:

- ***Juarez v. Autozone Stores, Inc.***, 2014 WL 7017660 (S.D. Cal.): pain and suffering award of $250,000 in discrimination case;

- ***Palma v. Rite Aid Corp.***, 2012 WL 3541952 (L.A. County Sup. Ct.): award of $3,000,000 in pain and suffering to employee who was terminated after taking medical leaves in disability discrimination case; and

- ***Betson v. Rite Aid Corp.***, 2011 WL 3606913 (L.A. County Sup. Ct.): pain and suffering award of $500,000 to employee in disability harassment action.

43.    Plaintiff's allegations that he was discriminated against and wrongfully terminated because of his disability are similar to the issues in these cases. Its entirely conceivable that his emotional distress daamges will far exceed the requisite $75,000 amount in controvrsey.

**E.** **Punitive Damages**

44.    Additionally, Plaintiff seeks to recover punitive damages against CVS, a company of considerable size and resources. ***See* Ex. A, Prayer for Relief at ¶ 5.** Although CVS denies Plaintiff's allegations, requests for punitive damages must be taken into account in ascertaining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (same).

45.    Here, if Plaintiff is able to prove his claims at trial, it is reasonable to conclude that he will seek, and a jury could award, in excess of $75,000 solely for

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

punitive damages. *See, e.g.*:

- ***Hill v. Asian American Drug Abuse Program, Inc.*** (Los Angeles County Superior Court Case No. BC582516; judgment date of January 16, 2018): awarding **$2,668,700** in punitive damages in disability discrimination lawsuit;

- ***Navarro v. 4Earth Farms, Inc. et al***. (Los Angeles County Superior Court Case No. BC606666; judgment date of June 19, 2017): awarding **$100,000** in punitive damages in disability discrimination lawsuit; and

- ***Tapia v. San Gabriel Transit Inc.*** (Los Angeles County Superior Court Case No. BC482433; judgment date of December 18, 2015): awarding **$400,000** in punitive damages in disability discrimination lawsuit.

46.     Accordingly, the Complaint contemplates an amount "at stake" in this litigation which far exceeds the $75,000 jurisdictional threshold.

## V.     <u>REMOVAL IS TIMELY</u>

47.     This Petition and Notice of Removal is timely pursuant to 28 U.S.C. section 1446(b) because this action is being removed within thirty (30) days of the date when CVS received the Summons and Complaint. 28 U.S.C. § 1446(b)(1); ***see*** **Ex. A**.

## VI.     <u>CONCLUSION</u>

48.     For the reasons stated above, this Court has jurisdiction under 28 U.S.C. section 1332 because this is a civil action between citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

49.     Accordingly, CVS may remove this action to this Court pursuant to 28 U.S.C. sections 1332 and 1441. CVS respectfully requests that this Court exercise its removal jurisdiction over this action.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1  DATED: March 22, 2021          PAYNE & FEARS LLP

2

3                                 By:  _____/s/ Leilani E. Jones_____

4                                        LEILANI E. JONES

5                                 Attorneys for Defendants CVS
                                  PHARMACY, INC., CVS HEALTH
6                                 SOLUTIONS LLC, and GARFIELD
                                  BEACH CVS, LLC
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-
PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## PROOF OF SERVICE

***Anthony Davis v. CVS Pharmacy, Inc., et al.***
***United States District Court Case No.*** 2:21-cv-02484

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Orange, State of California.  My business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On March 22, 2021, I served true copies of the following document(s) described as **PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441** on the interested parties in this action as follows:

| | |
|---|---|
| Matthew J. Matern, Esq.<br>Matthew W. Gordon, Esq.<br>Vanessa M. Rodriguez, Esq.<br>MATERN LAW GROUP, PC<br>1230 Rosecrans Avenue, Suite 200<br>Manhattan Beach, CA 90266-2497<br>Telephone: (310) 531-1900<br>Facsimile:  (310) 531-1901<br>E-Mail:  mmatern@maternlawgroup.com<br>            mgordon@maternlawgroup.com<br>            vrodriguez@maternlawgroup.com | Attorneys for Plaintiff<br>ANTHONY DAVIS |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address tshaw@paynefears.com to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[Federal]** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 22, 2021, at Irvine, California.

_/s/ Terri M. Shaw_
Terri M. Shaw