# EXHIBIT  A

 CT Corporation

**Service of Process Transmittal**
02/19/2021
CT Log Number 539079094

**TO:**  Serviceof Process
CVS Health Companies
1 CVS DR MAIL CODE 1160
WOONSOCKET, RI 02895-6146

**RE:**  **Process Served in California**

**FOR:**  Garfield Beach CVS, L.L.C.  (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ANTHONY DAVIS, Pltf. vs. CVS PHARMACY, INC., etc., et al., Dfts. // To: GARFIELD BEACH CVS, L.L.C., etc. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 21STCV04310 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/19/2021 at 01:49 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/19/2021, Expected Purge Date: 02/24/2021<br><br>Image SOP<br><br>Email Notification,  Serviceof Process  service_of_process@cvs.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>818 West 7th Street<br>Los Angeles, CA 90017<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT A, PAGE 13



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Fri, Feb 19, 2021

**Server Name:**             Jimmy Lizama

| Entity Served | GARFIELD BEACH CVS, L.L.C. |
|---|---|
| Agent Name | C T CORPORATION SYSTEM (C0168406) |
| Case Number | 21STCV04310 |
| Jurisdiction | CA |



Electronically FILED by Superior Court of California, County of Los Angeles on 02/03/2021 12:47 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
21STCV04310

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

|  | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** CVS Pharmacy, INC., a Rhode Island
*(AVISO AL DEMANDADO):* corporation; CVS HEALTH SOLUTIONS, LLC
a Delaware limited liability company; and GARFIELD BEACH CVS, L.L.C.,
a limited liability company; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** ANTHONY DAVIS, an individual,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Los Angeles<br>111 North Hill Street<br>Los Angeles, California 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**21STCV04310** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Matthew J. Matern
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Matern Law Group, PC
1230 Rosecrans Avenue, Suite 200, Manhattan Beach, CA 90266         (310) 531-1900

| DATE:<br>*(Fecha)* **02/03/2021** | Clerk, by<br>*(Secretario)* **N. Alvarez** | , Deputy<br>*(Adjunto)* |
|---|---|---|

Sherri R. Carter Executive Officer / Clerk of Court

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* GARFIELD BEACH CVS, L.L.C., a California limited liability company

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
           ☒ other *(specify):* Corporation Code 17051
4. ☒ by personal delivery on *(date):* 2/19/21

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder™ |
|---|---|---|

EXHIBIT A, PAGE 15

Electronically FILED by Superior Court of California, County of Los Angeles on 02/03/2021 12:47 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
21STCV04310

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Susan Bryant-Deason

MATERN LAW GROUP, PC
MATTHEW J. MATERN (SBN 159798)
MATTHEW W. GORDON (SBN 267971)
VANESSA M. RODRIGUEZ (SBN 316382)
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff
ANTHONY DAVIS

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ANTHONY DAVIS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CVS PHARMACY, INC., a Rhode Island corporation; CVS HEALTH SOLUTIONS LLC, a Delaware limited liability company; GARFIELD BEACH CVS, L.L.C., a California limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 21STCV04310<br><br>**COMPLAINT FOR:**<br><br>1. Disability Discrimination<br>   (Cal Gov't Code § 12940(a))<br>2. Failure to Make a Reasonable Accommodation<br>   (Cal. Gov't Code § 12940(m))<br>3. Failure to Engage in the Interactive Process<br>   (Cal. Gov't Code § 12940(n))<br>4. Failure to Take All Reasonable Steps Necessary to Prevent Disability Discrimination<br>   (Cal. Gov't Code §12940(k))<br>5. Retaliation<br>   (Cal. Gov't Code § 12940(h))<br>6. Violation of Cal. Family Rights Act<br>   (Cal. Gov't Code § 12945.2)<br>7. Intentional Infliction of Emotional Distress<br>8. Wrongful Termination in Violation of Public Policy<br><br>**DEMAND FOR JURY TRIAL** |

-1-
COMPLAINT

**NATURE OF THE ACTION**

1.     Plaintiff ANTHONY DAVIS ("PLAINTIFF"), an individual, demanding jury trial, brings this civil rights action against Defendants CVS PHARMACY, INC. ("CVS PHARMACY"), a Rhode Island corporation; CVS HEALTH SOLUTIONS LLC ("CVS HEALTH SOLUTIONS"), a Delaware limited liability company; GARFIELD BEACH CVS, L.L.C. ("GARFIELD BEACH CVS"), a California limited liability company; and DOES 1 through 50 inclusive (collectively, "DEFENDANTS"), to remedy DEFENDANTS' employment practices and policies of disability discrimination, retaliation, failure to take all reasonable steps necessary to prevent disability discrimination, failure to make a reasonable accommodation, failure to engage in the interactive process, wrongful termination in violation of public policy, and other unlawful and tortious conduct. PLAINTIFF seeks compensatory damages, punitive damages, and attorneys' fees.

**PLAINTIFF**

2.     PLAINTIFF is a male resident and citizen of the State of California.  At all relevant times herein, PLAINTIFF was employed by DEFENDANTS.   PLAINTIFF worked for DEFENDANTS as a Trainee/Assistant Manager Trainee and Store Manager from approximately April 1, 1985 through approximately March 13, 2020.

**JURISDICTION AND VENUE**

3.     This Court has jurisdiction in this matter because PLAINTIFF is a resident and a citizen of the State of California and DEFENDANTS are citizens of, and/or regularly conduct business in, the State of California.  Further, no federal question is at issue because the claims are based solely on California law.

4.     Venue is proper in the County of Los Angeles, California because PLAINTIFF performed work for DEFENDANTS in the County of Los Angeles, and most of DEFENDANTS' unlawful actions and omissions, set forth herein, occurred in the County of Los Angeles.

**DEFENDANTS**

5.     PLAINTIFF is informed and believes, and thereon alleges, that CVS PHARMACY is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Rhode Island. PLAINTIFF is further informed and believes, and thereon alleges, that CVS

-2-
COMPLAINT

1    PHARMACY is authorized to conduct business in the State of California, and does conduct business

2    in the State of California. Specifically, upon information and belief, CVS PHARMACY maintains

3    offices and facilities and conducts business in the County of Los Angeles.

4          6.      PLAINTIFF is informed and believes, and thereon alleges, that CVS HEALTH

5    SOLUTIONS is, and at all times relevant hereto was, a limited liability company organized and

6    existing under the laws of the State of Delaware. PLAINTIFF is further informed and believes, and

7    thereon alleges, that CVS HEALTH SOLUTIONS is authorized to conduct business in the State of

8    California, and does conduct business in the State of California. Specifically, upon information and

9    belief, CVS HEALTH SOLUTIONS maintains offices and facilities and conducts business in the

10    County of Los Angeles.

11          7.      PLAINTIFF is informed and believes, and thereon alleges, that GARFIELD BEACH

12    CVS is, and at all times relevant hereto was, a limited liability company organized and existing

13    under the laws of the State of California. PLAINTIFF is further informed and believes, and thereon

14    alleges, that GARFIELD BEACH CVS is authorized to conduct business in the State of California,

15    and does conduct business in the State of California. Specifically, upon information and belief,

16    GARFIELD BEACH CVS maintains offices and facilities and conducts business in the County of

17    Los Angeles.

18          8.      The true names and capacities of DOES 1 through 50, inclusive, are unknown to

19    PLAINTIFF at this time, and PLAINTIFF therefore sues such DEFENDANTS under fictitious

20    names. PLAINTIFF is informed and believes, and thereon alleges, that each Defendant designated

21    as a DOE is responsible in some manner for the events and happenings referred to herein, and legally

22    caused the injuries and damages alleged in this Complaint. PLAINTIFF will seek leave of the court

23    to amend this Complaint to allege their true names and capacities when ascertained.

24          9.      At all relevant times herein, DEFENDANTS were the joint employers of

25    PLAINTIFF. PLAINTIFF is informed and believes, and thereon alleges, that at all times material

26    to this complaint, DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises,

27    joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents,

28    partners, joint venturers, and/or guarantors, actual or ostensible, of each other and DOES 1 through

-3-

COMPLAINT

50. Each defendant was completely dominated by his, her, or its co-defendant, and each was the alter ego of the other.

10.     PLAINTIFF is informed and believes, and thereon alleges, that all times mentioned herein, each of the DEFENDANTS was the agent, servant and employee, client, co-venturer and/or co-conspirator of each of the remaining DEFENDANTS, and was at all times herein mentioned, acting within the course, scope, purpose, consent, knowledge, ratification, and authorization of such agency, employment, services, joint venture, and conspiracy.

11.     Whenever reference is made in this complaint to any act or failure by a Defendant or DEFENDANTS, such allegations and reference shall also be deemed to mean the acts and failures of each Defendant acting individually, jointly, and severally.  Whenever reference is made to individuals who are not named as PLAINTIFF or DEFENDANTS in this complaint, but who were employees/agents of DEFENDANTS, such individuals acted on behalf of DEFENDANTS within the course and scope of their employment.

12.     PLAINTIFF is informed and believes, and thereon alleges, that at all relevant times herein, DEFENDANTS, and/or their agents and employees, knew or reasonably should have known that, unless they intervened to protect PLAINTIFF, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct of the employees of DEFENDANTS, as set forth herein, the remaining DEFENDANTS and employees perceived the acts and omissions as being ratified and condoned.

**STATEMENT OF FACTS**

13.     On or about April 1, 1985, PLAINTIFF commenced employment with DEFENDANTS. During his employment with DEFENDANTS, PLAINTIFF worked at DEFENDANTS' stores located in Long Beach, California; Hawthorne, California; Culver City, California; Los Angeles, California; and Artesia, California. PLAINTIFF performed his job competently at all times material to this complaint.

14.     In or about September 2016, when PLAINTIFF worked at DEFENDANTS' Artesia store, PLAINTIFF began experiencing severe pain in his fingers, arms, and neck. PLAINTIFF informed his District Manager, Paul Stewart, that he was experiencing pain in his right arm and

-4-
COMPLAINT

1 would be visiting his primary care physician.

2      15.    On or about October 1, 2016, PLAINTIFF visited his primary care physician, Dr.

3 Shobha Govind. Dr. Govind prescribed PLAINTIFF ibuprofen; however, the medication did not

4 alleviate PLAINTIFF's pain.

5      16.    Approximately one week after PLAINTIFF visited his primary care physician, Dr.

6 Govind referred PLAINTIFF to a specialist. PLAINTIFF visited the specialist approximately two

7 times and was prescribed more painkillers. However, because the pain medication was ineffective,

8 the specialist referred PLAINTIFF to a pain specialist.

9      17.    In or about October 2016, PLAINTIFF consulted the pain specialist and received x-

10 rays, which revealed that the pain PLAINTIFF was experiencing stemmed from his neck.

11 PLAINTIFF's pain specialist gave PLAINTIFF a couple of injections in his back, but due to the

12 severity of the damage in PLAINTIFF's neck, the injections did not alleviate PLAINTIFF's pain

13 and, as a result, PLAINTIFF's pain specialist referred him to a neck surgeon.

14      18.    In or about December 2016, PLAINTIFF consulted the neck surgeon, Dr. Payam

15 Farjoodi, who informed PLAINTIFF that five out of seven discs in PLAINTIFF's neck were

16 damaged and that the injury was caused by the repetitive motion and physical labor of lifting heavy

17 boxes and freight while at work. Dr. Farjoodi informed PLAINTIFF that PLAINTIFF needed to

18 undergo spinal neck surgery. PLAINTIFF scheduled his surgery for on or about January 25, 2017.

19 In the meantime, Dr. Farjoodi prescribed PLAINTIFF Norco to help PLAINTIFF endure the pain.

20      19.    In between attending doctors' visits and consultations, PLAINTIFF continued to

21 work for DEFENDANTS without accommodations.

22      20.    In or about December 2016, PLAINTIFF informed Paul Stewart that his injury was

23 caused by the repetitive motion and physical labor of lifting heavy boxes and freight while at work

24 and requested that a workers' compensation claim be processed with Sedgwick Claims Management

25 Services, Inc. ("Sedgwick").

26      21.    PLAINTIFF tried to follow up with Paul Stewart via telephone before December 25,

27 2016 to confirm whether or not a workers' compensation claim had been processed with Sedgwick,

28 but PLAINTIFF was unable to reach him.

EXHIBIT A, PAGE 20

22.    In or about early January 2017, Paul Stewart informed PLAINTIFF that he would call Sedgwick to check the status of PLAINTIFF's workers' compensation claim. Approximately one or two days later, PLAINTIFF called Paul Stewart and requested the authorization code for his claim.  PLAINTIFF called Sedgwick several times in January 2017 to confirm whether they had received his case.  Sedgwick informed PLAINTIFF that they could not locate his claim.

23.    In or about early January 2017, PLAINTIFF notified Paul Stewart that he needed to take a leave of absence and submitted a leave of absence request to DEFENDANTS' Human Resources ("HR") department via telephone. DEFENDANTS' HR department approved PLAINTIFF's leave of absence to begin on or about January 27, 2017 and to end on or about April 15, 2017.

24.    On or about January 27, 2017, PLAINTIFF underwent spinal neck surgery through his health insurance with DEFENDANTS because his workers' compensation claim had not yet been processed.

25.    On or about January 27, 2017, PLAINTIFF began his leave of absence.

26.    During approximately the first week of February 2017, PLAINTIFF received a call from Sedgwick, informing him that his worker's compensation claim had been processed. PLAINTIFF therefore began seeing the doctors at U.S. HealthWorks, which was covered by Sedgwick. Prior to this time, because PLAINTIFF's worker's compensation claim had not yet been processed, PLAINTIFF had been using his health insurance to cover his doctors' visits and surgery.

27.    In or about March 2017, PLAINTIFF had a telephone conversation with Paul Stewart. During the call, Paul asked PLAINTIFF how PLAINTIFF was doing and how PLAINTIFF's recovery was progressing.  Paul also asked PLAINTIFF if he thought he would be able to return to work in April 2017.  PLAINTIFF informed Paul that he did not know whether he would be able to return to work in April.

28.    From approximately February 2017 to approximately April 2017, PLAINTIFF continued to visit both U.S. HealthWorks Medical Group and Dr. Farjoodi.

29.    In or about April 2017, PLAINTIFF continued to experience complications with his fingers and arms. PLAINTIFF could not lift his arms and still had pain in his neck. Dr. Farjoodi

-6-
COMPLAINT

informed PLAINTIFF that it would take a while for his pain to subside and recommended that PLAINTIFF continue his leave of absence for an additional three months. PLAINTIFF informed DEFENDANTS' District Manager Michael (Last Name Unknown) that he would not be able to return to work and submitted a leave of absence request with DEFENDANTS' HR department. To support his request, PLAINTIFF faxed DEFENDANTS' HR department a doctor's note. Shortly thereafter, DEFENDANTS' HR department extended PLAINTIFF's leave of absence for an additional three months.

30.     In or about April 2017, Sedgwick informed PLAINTIFF that PLAINTIFF's claim had been denied. Sedgwick further informed PLAINTIFF that PLAINTIFF needed to get evaluated by a third-party doctor covered by Sedgwick to confirm whether PLAINTIFF's claims were valid and eligible for approval.  PLAINTIFF therefore made an appointment to visit a third- party doctor under Sedgwick's coverage.  Because PLAINTIFF's claim was denied, PLAINTIFF stopped visiting U.S. HealthWorks Medical Group, but continued to visit his surgeon, Dr. Farjoodi.

31.     Approximately one month later, PLAINTIFF visited a third-party doctor, Dr. Neil Halbridge, for an evaluation.  Dr. Halbridge sent his evaluation report to Sedgwick approximately one month later.

32.     In or about May or June 2017, PLAINTIFF retained counsel for his workers' compensation claim.

33.     In or about July 2017, PLAINTIFF received a notice from Sedgwick that his workers' compensation claim had been accepted. Sedgwick informed PLAINTIFF that he could no longer see his surgeon or else PLAINTIFF would forfeit his claims. From this point on, PLAINTIFF only visited the doctors that were covered under Sedgwick and resumed his visits at the workers' compensation clinic.

34.     On or about July 2, 2017, PLAINTIFF returned to work.  However, because PLAINTIFF had not fully recovered from his surgery, upon PLAINTIFF's return to work, PLAINTIFF spoke with Michael about work accommodations.  PLAINTIFF informed Michael that his work restrictions included being unable to lift anything over 10-15 pounds and needing to take a 15-20 minute break every hour and provided Michael with a doctor's note containing these

-7-
COMPLAINT

1  restrictions. Because DEFENDANTS refused to accommodate PLAINTIFF's work restrictions,
2  PLAINTIFF continued performing the same type and amount of work as he performed before his
3  surgery, including lifting items over 10-15 pounds.

4       35.    From approximately July 2017 to approximately December 2017, PLAINTIFF
5  continued to visit U.S. HealthWorks Medical Group for his spinal neck injury. The doctors at U.S.
6  HealthWorks Medical Group continued to prescribe PLAINTIFF muscle relaxers and ibuprofen and
7  also continued to give PLAINTIFF the same work restrictions. PLAINTIFF was unable to see a
8  specialist during this time because a specialist was not available through U.S. HealthWorks Medical
9  Group . During this time, PLAINTIFF was also in constant communication with Michael regarding
10  PLAINTIFF's progress and work restrictions.

11       36.    In or about November 2017, PLAINTIFF received a report from his doctor, stating
12  that PLAINTIFF was found to be permanent and stationary with respect to his work restrictions,
13  which included: no pushing, pulling, or lifting items greater than 15 pounds; no climbing; limiting
14  standing or walking to 8 hours per day; and limiting overhead work to 8 hours per day.

15       37.    In or about January 2018, PLAINTIFF was finally able to see a specialist, Dr. Saeed
16  Nick, through Sedgwick. Approximately one month later, x-rays were taken of PLAINTIFF's neck
17  and spine and PLAINTIFF was informed by Dr. Nick, as well as a surgeon, that nothing further
18  could be done to correct the damage to PLAINTIFF's neck. PLAINTIFF was further informed that
19  he would have to live with the pain he was experiencing for the rest of his life as additional surgery
20  was not an option.

21       38.    In or about April or May 2018, PLAINTIFF's pain began to worsen. As a result, Dr.
22  Nick advised him to inform DEFENDANTS that PLAINTIFF needed the following work
23  restrictions: no lifting more than 10-15 pounds and taking breaks/sitting down when PLAINTIFF's
24  pain is severe. Dr. Nick further suggested that PLAINTIFF be placed on permanent/sedentary work.
25  PLAINTIFF informed Michael of his work restrictions, provided DEFENDANTS with a doctor's
26  note containing his work restrictions, and requested accommodations. However, DEFENDANTS
27  refused to provide PLAINTIFF with any accommodations. PLAINTIFF therefore continued to
28  perform 100% of his work duties, which included, but were not limited to: lifting items over 10-15

1  pounds, cleaning the store's restrooms, mopping and vacuuming the store, and making deliveries.

2      39.    In or about August 2018, PLAINTIFF's pain continued to worsen. PLAINTIFF

3  therefore called DEFENDANTS' corporate accommodation department and spoke with Christine

4  Arsenault. PLAINTIFF informed Ms. Arsenault of his work restrictions and informed Ms.

5  Arsenault that Michael had not done anything to accommodate PLAINTIFF. Ms. Arsenault asked

6  PLAINTIFF to fax in the reports from PLAINTIFF's specialist stating that PLAINTIFF needed

7  sedentary work so that she could evaluate PLAINTIFF's situation. PLAINTIFF faxed the reports

8  to Ms. Arsenault and then tried to follow up with her multiple times via phone in August 2018, but

9  was unable to reach her.

10      40.    In or about September 2018, PLAINTIFF heard back from Ms. Arsenault. Ms.

11  Arsenault informed PLAINTIFF that DEFENDANTS' corporate office could not accommodate

12  him. Ms. Arsenault stated that she spoke to Michael, who confirmed that DEFENDANTS could

13  not accommodate PLAINTIFF, and informed PLAINTIFF that he would have to go on a three-

14  month disability leave of absence. Ms. Arsenault further informed PLAINTIFF that September 18,

15  2018 would be PLAINTIFF's last day of work.

16      41.    On or about October 1, 2018, PLAINTIFF emailed and called Ms. Arsenault to ask

17  how DEFENDANTS planned to accommodate him upon his return. PLAINTIFF also requested an

18  interactive meeting to discuss the accommodations.

19      42.    During PLAINTIFF's leave of absence, PLAINTIFF called Ms. Arsenault and left

20  her approximately four messages, but did not hear back from her.

21      43.    In or about December 2018, Michael called PLAINTIFF to ask if PLAINTIFF

22  planned to return from his leave of absence. PLAINTIFF informed DEFENDANTS that he would

23  not be returning at the end of his three-month leave. DEFENDANTS continued to extend

24  PLAINTIFF's leave of absence until in or about March 2020.

25      44.    On or about March 13, 2020, PLAINTIFF received a call from DEFENDANTS'

26  District Leader, Vinh Nguyen. Mr. Nguyen informed PLAINTIFF that DEFENDANTS could not

27  accommodate PLAINTIFF's work restrictions and that PLAINTIFF's employment would therefore

28  be terminated. PLAINTIFF asked Mr. Nguyen to confirm their conversation in writing.

45. On or about March 17, 2020, PLAINTIFF received a letter from DEFENDANTS stating that a reasonable accommodation that would enable PLAINTIFF to perform the essential duties of his job could not be found and that PLAINTIFF's termination was effective as of March 13, 2020.

46. DEFENDANTS knew, or should have known, that DEFENDANTS' conduct constituted a continuous pattern of discrimination against PLAINTIFF, but failed to take reasonable steps to prevent or to correct the ongoing unlawful behavior.

47. PLAINTIFF is informed and believes, and thereon alleges, that he was discriminated against by DEFENDANTS because of his medical condition and disability, and because he engaged in protected activity. PLAINTIFF is further informed and believes, and thereon alleges, that DEFENDANTS condoned and ratified their managers' wrongful discriminatory conduct, and that DEFENDANTS knew, or should have known, about the continuous pattern of discrimination against PLAINTIFF, but failed to take steps to prevent or to correct the ongoing behavior and failed to properly investigate, reprimand, terminate, or take any appropriate disciplinary action against PLAINTIFF's managers. Instead, DEFENDANTS retaliated against PLAINTIFF for complaining about the discrimination and for engaging in protected activity by terminating PLAINTIFF'S employment.

## INJURIES TO PLAINTIFF

48. As a direct and proximate result of the foregoing unlawful and malicious acts of DEFENDANTS, PLAINTIFF has suffered great mental and emotional distress. Moreover, PLAINTIFF has been humiliated and embarrassed as a result of the foregoing acts of DEFENDANTS.

49. As a further direct and proximate result of the foregoing unlawful and malicious acts of DEFENDANTS, PLAINTIFF has suffered monetary damages in an amount subject to proof at trial.

50. As a further direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFF has suffered and continues to suffer from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

-10-
COMPLAINT

## **FIRST CAUSE OF ACTION**

### **Disability and Medical Condition Discrimination**

### **[Cal. Gov. Code § 12940(a)]**

### **(Against All DEFENDANTS)**

51.    PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in Paragraphs 1 through 50.

52.    At all times relevant herein, California Government Code § 12940 was in full force and effect and was binding on DEFENDANTS.

53.    California Government Code § 12940 provides that "[i]t is an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United Sates or the State of California: (a) [f]or an employer because of. . . physical disability, mental disability, or medical condition. . . to discriminate against the person in compensation or in terms, conditions, or privileges of employment. . .".

54.    As set forth above, DEFENDANTS' acts and omissions constitute violations of California Government Code § 12940(a).  PLAINTIFF has timely filed a complaint of disability discrimination against DEFENDANTS with the California Department of Fair Employment and Housing and received a Right to Sue letter on July 31, 2020.

55.    As set forth above, PLAINTIFF suffered from a disability and medical condition caused by a spinal neck injury.

56.    PLAINTIFF's disability and medical condition limited his ability in at least one of the major life activities: working.  As described above, DEFENDANTS were aware of PLAINTIFF's disability and medical condition.

57.    At all relevant times herein, PLAINTIFF satisfactorily performed his job duties and responsibilities, and could have continued to satisfactorily perform the essential duties of his job with an effective accommodation that could have been agreed upon if DEFENDANTS had engaged in the interactive process, as required by law.  Instead of engaging in the interactive process, DEFENDANTS discriminated against PLAINTIFF because of his disability and medical condition

EXHIBIT A, PAGE 26

and retaliated against PLAINTIFF because he sought reasonable accommodations for his disability and medical condition.

58.     PLAINTIFF believes, and thereon alleges, that his disability and medical condition were a substantial motivating factor in DEFENDANTS' wrongful employment actions and practices, including, but not limited to, the termination of his employment.  Such discrimination is in violation of California Government Code § 12940(a) and has resulted in damage and injury to PLAINTIFF as alleged herein.

59.     As a proximate result of DEFENDANTS' unlawful acts, practices, and omissions, PLAINTIFF has suffered monetary damages, humiliation, mental anguish, and physical and emotional distress, in an amount subject to proof at trial.  PLAINTIFF claims such amount as damages together with prejudgment interest thereon pursuant to California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for prejudgment interest.

60.     The unlawful acts, practices, and omissions of DEFENDANTS alleged herein were reckless, malicious, and willful, and caused great physical and emotional harm to PLAINTIFF. Therefore, PLAINTIFF seeks an award of punitive damages, sufficient to punish DEFENDANTS and to serve as an example to deter similar conduct in the future, in an amount according to proof at trial, together with prejudgment interest thereon pursuant to Civil Code §§ 3287, 3288, and/or any other applicable provision providing for prejudgment interest.

61.     Additionally, pursuant to California Government Code § 12965(b), PLAINTIFF seeks an award of reasonable attorneys' fees and costs against DEFENDANTS.

## SECOND CAUSE OF ACTION

### Failure to Make a Reasonable Accommodation

### [Cal. Gov. Code § 12940(m)]

### (Against All DEFENDANTS)

62.     PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 61.

63.     At all times relevant herein, California Government Code § 12940 was in full force and effect and was binding on DEFENDANTS.

-12-
COMPLAINT

64.    California Government Code § 12940(m) provides that "[i]t is an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California: (m) [f]or an employer or other entity covered by this part to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee . . ."

65.    As set forth above, DEFENDANTS' acts and omissions constitute violations of California Government Code § 12940(m).  DEFENDANTS had knowledge of PLAINTIFF's disability and failed to make a reasonable accommodation.  PLAINTIFF has filed a timely complaint with the California Department of Fair Employment and Housing and has received a Right to Sue letter.

66.    By reason of DEFENDANTS' unlawful acts, practices and omissions, PLAINTIFF has suffered monetary damages, humiliation, mental anguish, and physical and emotional distress, in an amount subject to proof at trial.  PLAINTIFF claims such amount as damages together with pre-judgment interest thereon pursuant to California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for prejudgment interest.

67.    DEFENDANTS engaged in the aforementioned unlawful acts, practices and omissions alleged herein, and by ratifying such acts, engaged in intentional, reckless and willful, oppressive and malicious conduct, acted with willful and conscious disregard of PLAINTIFF's rights, welfare and safety, and caused great physical and emotional harm to PLAINTIFF.  Therefore, PLAINTIFF seeks an aware of punitive damages, sufficient to punish DEFENDANTS and to serve as an example to deter similar conduct in the future, in an amount according to proof at trial, together with prejudgment interest thereon pursuant to Civil Code §§ 3287, 3288, and/or any other applicable provision providing for prejudgment interest.

68.    Additionally, pursuant to California Government Code § 12965(b), PLAINTIFF seeks an award of reasonable attorneys' fees and costs against DEFENDANTS.

///

///

///

-13-
COMPLAINT

EXHIBIT A, PAGE 28

**THIRD CAUSE OF ACTION**

**Failure to Engage in the Interactive Process**

**[Cal. Gov. Code § 12940(n)]**

**(Against All DEFENDANTS )**

69.     PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 68.

70.     At all times relevant herein, California Government Code § 12940 was in full force and effect and was binding on DEFENDANTS.

71.     California Government Code § 12940(n) provides that "[i]t is an unlawful employment practice . . . (n) [f]or an employer or other entity covered by this part to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition."

72.     As set forth above, DEFENDANTS' acts and omissions constitute violations of California Government Code § 12940(n).  DEFENDANTS failed to engage in a timely, good faith, interactive process or make a reasonable accommodation for PLAINTIFF's disability and medical condition.  PLAINTIFF has filed a timely complaint with the California Department of Fair Employment and Housing and has received a Right to Sue letter.

73.     By reason of DEFENDANTS' unlawful acts, practices and omissions, PLAINTIFF has suffered monetary damages, humiliation, mental anguish, and physical and emotional distress, in an amount subject to proof at trial.  PLAINTIFF claims such amount as damages together with pre-judgment interest thereon pursuant to California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for prejudgment interest.

74.     DEFENDANTS engaged in the aforementioned unlawful acts, practices and omissions alleged herein, and by ratifying such acts, engaged in intentional, reckless and willful, oppressive and malicious conduct, acted with willful and conscious disregard of PLAINTIFF's rights, welfare and safety, and caused great physical and emotional harm to PLAINTIFF.  Therefore, PLAINTIFF seeks an aware of punitive damages, sufficient to punish DEFENDANTS and to serve

-14-

COMPLAINT

1  as an example to deter similar conduct in the future, in an amount according to proof at trial, together

2  with prejudgment interest thereon pursuant to Civil Code §§ 3287, 3288, and/or any other applicable

3  provision providing for prejudgment interest.

4       75.    Additionally, pursuant to California Government Code § 12965(b), PLAINTIFF

5  seeks an award of reasonable attorneys' fees and costs against DEFENDANTS.

6  **FOURTH CAUSE OF ACTION**

7  **Failure to Take All Reasonable Steps Necessary to Prevent Disability Discrimination**

8  **[Cal. Gov. Code § 12940(k)]**

9  **(Against All DEFENDANTS)**

10       76.    PLAINTIFF incorporates herein by specific reference as though fully set forth the

11  allegations in paragraphs 1 through 75.

12       77.    At all times relevant herein, California Government Code § 12940 was in full force

13  and effect and was binding on DEFENDANTS.

14       78.    California Government Code § 12940 provides that "[i]t is an unlawful employment

15  practice . . . (k) [f]or an employer . . . to fail to take all reasonable steps necessary to prevent

16  discrimination…from occurring."

17       79.    As set forth above, DEFENDANTS' acts and omissions constitute violations of

18  California Government Code § 12940(k).  DEFENDANTS failed to take all reasonable steps

19  necessary to prevent disability discrimination from occurring.  PLAINTIFF has filed a timely

20  complaint with the California Department of Fair Employment and Housing and has received a

21  Right to Sue letter.

22       80.    By reason of DEFENDANTS' unlawful acts, practices and omissions, PLAINTIFF

23  has suffered monetary damages, humiliation, mental anguish, and physical and emotional distress,

24  in an amount subject to proof at trial.  PLAINTIFF claims such amount as damages together with

25  pre-judgment interest thereon pursuant to California Civil Code §§ 3287, 3288, and/or any other

26  applicable provision providing for prejudgment interest.

27       81.    DEFENDANTS engaged in the aforementioned unlawful acts, practices and

28  omissions alleged herein, and by ratifying such acts, engaged in intentional, reckless and willful,

-15-
COMPLAINT

1    oppressive and malicious conduct, acted with willful and conscious disregard of PLAINTIFF's
2    rights, welfare and safety, and caused great physical and emotional harm to PLAINTIFF.  Therefore,
3    PLAINTIFF seeks an aware of punitive damages, sufficient to punish DEFENDANTS and to serve
4    as an example to deter similar conduct in the future, in an amount according to proof at trial, together
5    with prejudgment interest thereon pursuant to Civil Code §§ 3287, 3288, and/or any other applicable
6    provision providing for prejudgment interest.

7         82.    PLAINTIFF also seeks the costs and expenses of this action, including reasonable
8    attorneys' fees, pursuant to California Government Code § 12965(b).

9                              **FIFTH CAUSE OF ACTION**
10                                  **Retaliation**
11                          **[Cal. Gov. Code § 12940(h)]**
12                          **(Against All DEFENDANTS)**

13        83.    PLAINTIFF incorporates herein by specific reference as though fully set forth the
14   allegations in paragraphs 1 through 82.

15        84.    At all times relevant herein, California Government Code § 12940 was in full force
16   and effect and was binding on DEFENDANTS.

17        85.    California Government Code § 12940 provides that "[i]t is an unlawful employment
18   practice . . . (h) [f]or any employer . . . or person to discharge, expel, or otherwise discriminate
19   against any person because the person has opposed any practices forbidden under this or because
20   the person has filed a complaint, testified, or assisted in any proceeding under this part…"

21        86.    As set forth above, DEFENDANTS' acts and omissions constitute violations of
22   California Government Code § 12940(h). DEFENDANTS retaliated against PLAINTIFF by, among
23   other things, terminating his employment because he engaged in protected activity. PLAINTIFF has
24   filed a timely complaint with the DFEH and has received a Right to Sue letter.

25        87.    By reason of DEFENDANTS's unlawful acts, practices and omissions, PLAINTIFF
26   has suffered monetary damages, humiliation, mental anguish, and physical and emotional distress,
27   in an amount subject to proof at trial. PLAINTIFF claims such amount as damages together with
28   pre-judgment interest thereon pursuant to California Civil Code §§ 3287, 3288, and/or any other

1    applicable provision providing for prejudgment interest.

2       88.   By engaging in the aforementioned unlawful acts, practices, and omissions, and by
3    ratifying such acts, practices, and omissions, DEFENDANTS intended to cause injury to
4    PLAINTIFF. DEFENDANTS' conduct was reckless, malicious, and despicable, and was carried on
5    with a conscious and willful disregard of the rights and safety of others. Therefore, PLAINTIFF
6    seeks an award of punitive damages, sufficient to punish DEFENDANTS and to serve as an example
7    to deter similar conduct in the future, in an amount according to proof at trial, together with
8    prejudgment interest thereon pursuant to Civil Code §§ 3287, 3288, and/or any other applicable
9    provision providing for prejudgment interest.

10      89.   Additionally, pursuant to California Government Code § 12965(b), PLAINTIFF
11   seeks an award of reasonable attorneys' fees and costs against DEFENDANTS.

12   

**SIXTH CAUSE OF ACTION**
13   **Violation of California Family Rights Act**
14   **[Cal. Gov. Code § 12945.2]**
15   **(Against All DEFENDANTS)**

16      90.   PLAINTIFF incorporates herein by specific reference, as though fully set forth, the
17   allegations in Paragraphs 1 through 89.

18      91.   DEFENDANTS are employers covered by the California Family Rights Act of 1993
19   ("CFRA"), Government Code § 12945.2.  PLAINTIFF is an eligible employee under the CFRA.

20      92.   Among other things, Government Code § 12945.2(a) makes it unlawful for a covered
21   employer to refuse to grant a request by an eligible employee to take up to a total of 12 workweeks
22   in any 12-month period for family care and medical leave.  Furthermore, Government Code
23   §12945.2(l) makes it unlawful for an employer to discharge, discriminate against, and/or retaliate
24   against an employee because of the employee's exercise of the right to family care or medical leave
25   under the CFRA.

26      93.   DEFENDANTS' conduct as set forth above – including but not limited to
27   discriminating and retaliating against PLAINTIFF for exercising his right to a medical leave of
28   absence for his spinal neck injury – constitutes a violation of Government Code § 12945.2.

-17-
COMPLAINT

94. Within the time provided by law, PLAINTIFF filed a complaint with the California Department of Fair Employment and Housing against DEFENDANTS and received a Right to Sue letter.

95. As a direct and proximate result of DEFENDANTS unlawful acts, practices, and omissions, PLAINTIFF has suffered monetary damages, humiliation, mental anguish, and physical and emotional distress, in an amount subject to proof at trial. PLAINTIFF claims such amount as damages together with prejudgment interest thereon pursuant to Civil Code §§ 3287, 3288, and /or any other applicable provision providing for prejudgment interest.

96. By engaging in the aforementioned unlawful acts, practices, and omissions, and by ratifying such acts, practices, and omissions, DEFENDANTS intended to cause injury to PLAINTIFF. DEFENDANTS' conduct was reckless, malicious, and despicable, and was carried on with a conscious and willful disregard of the rights and safety of others. Therefore, PLAINTIFF seeks an award of punitive damages, sufficient to punish DEFENDANTS and to serve as an example to deter similar conduct in the future, in an amount according to proof at trial, together with prejudgment interest thereon pursuant to Civil Code §§ 3287, 3288, and/or any other applicable provision providing for prejudgment interest.

97. Additionally, PLAINTIFF seeks an award of reasonable attorneys' fees and costs against DEFENDANTS, and each of them, pursuant to the CFRA.

### SEVENTH CAUSE OF ACTION

**Intentional Infliction of Emotional Distress**

**(Against All DEFENDANTS)**

98. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 97.

99. By committing the outrageous and malicious acts and omissions complained of herein, DEFENDANTS knew, or should have known, that their conduct would result in PLAINTIFF's severe emotional distress. Moreover, DEFENDANTS' acts and omissions were perpetrated with the intent of inflicting humiliation, mental anguish, and severe emotional distress upon PLAINTIFF.

1   100.   As a direct and proximate result of DEFENDANTS' unlawful acts, practices and
2   omissions, PLAINTIFF has suffered monetary damages, humiliation, mental anguish, and physical
3   and emotional distress, in an amount subject to proof at trial.  PLAINTIFF claims such amount as
4   damages together with prejudgment interest thereon pursuant to Civil Code §§ 3287, 3288, and/or
5   any other applicable provision for prejudgment interest.

6   101.   The unlawful acts, practices, and omissions of DEFENDANTS alleged herein were
7   intentional, reckless, and willful and caused great physical and emotional harm to PLAINTIFF.
8   Therefore, an award of punitive damages, sufficient to punish DEFENDANTS and to serve as an
9   example to deter them from similar conduct in the future, should be made. PLAINTIFF claims such
10  amount as damages together with prejudgment interest thereon pursuant to California Civil Code §§
11  3287, 3288, and/or any other applicable provision providing for prejudgment interest.

12  **EIGHTH CAUSE OF ACTION**
13  **Wrongful Termination in Violation of Public Policy**
14  **(Against All DEFENDANTS)**

15  102.   PLAINTIFF incorporates herein by specific reference as though fully set forth the
16  allegations in paragraphs 1 through 101.

17  103.   At all times relevant in this action, Article 1, Section 8 of the California Constitution
18  and the California Fair Employment and Housing Act were in full force and effect, and were binding
19  on DEFENDANTS. Article I, Section 8 of the Constitution, the California Fair Employment and
20  Housing Act, the California Family Right s Act, and the public policy of the State of California
21  based thereupon prohibit defendants from committing acts of discrimination, retaliation, and
22  termination based upon engagement in a protected activity, including, but not limited to, seeking a
23  reasonable accommodation and exercising the right to family care and/or medical leave.

24  104.   Each of the aforementioned statutes embodies a fundamental and well-established
25  public policy in the State of California.

26  105.   PLAINTIFF believes, and thereon alleges, that making known his physical disability
27  and medical condition and requesting reasonable accommodation was or were factors in
28  DEFENDANTS' conduct as set forth above, including but not limited to the termination of

-19-
COMPLAINT

1  PLAINTIFF's employment.   Accordingly, PLAINTIFF was subject to working conditions by

2  DEFENDANTS that violated public policy.

3       106.   As a proximate result of DEFENDANTS' unlawful acts, practices, and omissions,

4  PLAINTIFF has suffered monetary damages, humiliation, mental anguish, and physical and

5  emotional distress, in an amount subject to proof at trial.   PLAINTIFF claims such amount as

6  damages together with prejudgment interest thereon pursuant to Civil Code §§ 3287, 3288 and/or

7  any other applicable provision providing for prejudgment interest.

8       107.   By engaging in the aforementioned unlawful acts, practices, and omissions, and by

9  ratifying such acts, practices, and omissions, DEFENDANTS' conduct intended to cause injury to

10 PLAINTIFF was reckless, malicious, and despicable, and was carried on with a conscious and

11 willful disregard of the rights and safety of others.   Therefore, PLAINTIFF seeks an award of

12 punitive damages, sufficient to punish DEFENDANTS and to serve as an example to deter

13 DEFENDANTS from similar conduct in the future, in an amount according to proof at trial, together

14 with prejudgment interest thereon pursuant to California Civil Code §§ 3287, 3288 and/or any other

15 applicable provision providing for prejudgment interest.

16                              **PRAYER FOR RELIEF**

17       **WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS as follows:

18       1.     For compensatory damages on PLAINTIFF's economic losses, deprivation of civil

19 rights, humiliation, physical anguish, and mental and emotional distress;

20       2.     For injunctive relief permanently enjoining DEFENDANTS and DOES 1 through

21 50 and their agents, employees and successors, and all persons in active conduct or participation

22 with DEFENDANTS, from engaging in harassing and retaliatory practices;

23       3.     For an award of punitive and exemplary damages on each cause of action as

24 permitted by law;

25       4.     For interest accrued to date pursuant to Labor Code § 218.6, Civil Code §§ 3287,

26 3288, and/or and other applicable provision providing for prejudgment interest;

27       5.     For an award of reasonable attorneys' fees, costs, and expenses, pursuant to the

28 California Fair Employment and Housing Act and all other applicable statutes providing for

1   attorneys' fees and costs; and

2       6.      For such other relief as the Court may deem just and proper.

3

4   DATED: February _3_ , 2021           Respectfully submitted,

5                            MATERN LAW GROUP, PC

6

7                       By: _____

8                          MATTHEW J. MATERN
                                MATTHEW W. GORDON

9                          VANESSA M. RODRIGUEZ
                                Attorneys for Plaintiff

10                        ANTHONY DAVIS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-21-<br>COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2      PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.

3

4   DATED: February 3 , 2021                    Respectfully submitted,

5                                               MATERN LAW GROUP, PC

6

7                                        By:

8                                               MATTHEW J. MATERN
                                                MATTHEW W. GORDON
9                                               VANESSA M. RODRIGUEZ
                                                Attorneys for Plaintiff
                                                ANTHONY DAVIS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-22-
COMPLAINT

Electronically FILED by Superior Court of California, County of Los Angeles on 02/03/2021 12:00 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Matthew J. Matern; Matthew W. Gordon; Vanessa M. Rodriguez   SBN: 159798; 267971; 316382
Matern Law Group, PC
1230 Rosecrans Avenue, Suite 200, Manhattan Beach, CA 90266
TELEPHONE NO.:(310) 531-1900        FAX NO.:(310) 531-1901
ATTORNEY FOR *(Name):* Plaintiff ANTHONY DAVIS

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS:111 N. Hill Street
MAILING ADDRESS:111 N. Hill Street
CITY AND ZIP CODE:Los Angeles, 90012
BRANCH NAME:Stanley Mosk Courthouse

CASE NAME: Anthony Davis v. CVS Pharmacy, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 21STCV04310<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties          d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                   in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence              f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* Eight (8)
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 3, 2021
Matthew J. Matern
(TYPE OR PRINT NAME)                                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder™ |
|---|---|---|

EXHIBIT A, PAGE 38

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Davis v. CVS Pharmacy, Inc., et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

EXHIBIT A, PAGE 40

| SHORT TITLE: Davis v. CVS Pharmacy, Inc., et al. | CASE NUMBER |
|---|---|

|  | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, ②, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| Contract | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Davis v. CVS Pharmacy, Inc., et al. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 3 of 4

| SHORT TITLE: Davis v. CVS Pharmacy, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases.)

| REASON: <br> ☐ 1. ☒ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: <br> 11851 Artesia Blvd. |
|---|---|

| CITY: <br> Artesia | STATE: <br> CA | ZIP CODE: <br> 90701 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: February 3, 2021

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

LASC CIV 271 Rev. 01/20
For Mandatory Use

1

---

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

   • **ADR Services, Inc.** Case Manager **patricia@adrservices.com** (310) 201-0010 (Ext. 261)
   • **JAMS, Inc.** Senior Case Manager **mbinder@jamsadr.com** (310) 309-6204
   • **Mediation Center of Los Angeles (MCLA)** Program Manager **info@mediationLA.org** (833) 476-9145
        ○ Only MCLA provides mediation in person, by phone and by videoconference.

   **These organizations cannot accept every case and they may decline cases at their discretion.**
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE: This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
        • Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
             ○ Free, day- of- trial mediations at the courthouse. No appointment needed.
             ○ Free or low-cost mediations before the day of trial.
             ○ For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
               http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

---

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

**Los Angeles Superior Court ADR website:  http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:     FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)
LASC Approved 04/11     **STIPULATION – EARLY ORGANIZATIONAL MEETING**
For Optional Use                                                                    Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
            (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____            ➢ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR PLAINTIFF)

Date: _____

_____            ➢ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date: _____

_____            ➢ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date: _____

_____            ➢ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date: _____

_____            ➢ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

Date: _____

_____            ➢ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

Date: _____

_____            ➢ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

EXHIBIT A, PAGE 48

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

EXHIBIT A, PAGE 49

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____        ➤  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)

Date:

_____        ➤  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤  (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____        ➤  (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____        ➤  (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

→ _____

(TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date: _____

→ _____

(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

→ _____

(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

→ _____

(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

→ _____

(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date: _____

→ _____

(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date: _____

→ _____

(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____        _____

JUDICIAL OFFICER

LACIV 075 (new)
LASC Approved 04/11        **STIPULATION AND ORDER – MOTIONS IN LIMINE**        Page 2 of 2

EXHIBIT A, PAGE 54

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>02/03/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ N. Alvarez _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>21STCV04310 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Susan  Bryant-Deason | 52 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 02/03/2021
   (Date)

LACIV 190 (Rev 6/18)
LASC Approved 05/06

Sherri R. Carter, Executive Officer / Clerk of Court

By N. Alvarez _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br><br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>02/05/2021<br><br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Isunza _____ Deputy |
| PLAINTIFF(S):<br>Anthony Davis | |
| DEFENDANT(S):<br>CVS Pharmacy, Inc., Rhode Island corporation et al | |
| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER:<br>21STCV04310 |

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>04/30/2021</u> at <u>8:30 AM</u> in department <u>52</u> of this court, <u>Stanley Mosk Courthouse</u>, and show cause why sanctions should not be imposed for:

[✔]   Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following: California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]   To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated: <u>02/05/2021</u>

Susan Bryant-Deason / Judge
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

LACIV 166 (Rev. 09/08)
LASC Approved 06-04

Cal. Rules of Court, rule 2.30
LASC Local Rules, Chapter 7

EXHIBIT A, PAGE 57

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**02/05/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Isunza _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Anthony Davis | |
| DEFENDANT/RESPONDENT:<br>CVS Pharmacy, Inc., Rhode Island corporation et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV04310 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.


Matthew Matern
Matern Law Group PC
1230 Rosecrans Avenue Suite 200
Manhattan Beach, CA 90266


Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 02/5/2021                    By: _M. Isunza_____
                                          Deputy Clerk


**CERTIFICATE OF MAILING**



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

CENTRAL DISTRICT-STANLEY MOSK COURTHOUSE
CIVIL DIVISION
111 NORTH HILL STREET
LOS ANGELES, CALIFORNIA 90012

9025682497 0029



U.S. POSTAGE ≫ PITNEY BOWES

ZIP 90012   $ 000.51⁰
02 4W
0000336112 FEB 05 2021

DEPT 52



FEB 1 1 2021

BY

EXHIBIT A, PAGE 59

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

**COURTHOUSE ADDRESS:**
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

**PLAINTIFF:**
Anthony Davis

**DEFENDANT:**
CVS Pharmacy, Inc., Rhode Island corporation et al

## NOTICE OF STATUS CONFERENCE AND ORDER

| Reserved for Clerk's File Stamp |
|---|
| **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**02/05/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Isunza _____ Deputy |

**CASE NUMBER**
21STCV04310

To plaintiff/petitioner and self-represented parties: Notice is hereby given that the Status Conference in the above-entitled action will be held on

Re:

| Date: 04/30/2021   Time: 8:30 AM   Div./Dept.: Department 52 |
|---|

- [ ] Post Arbitration    [ ] Post Mediation    [ ] Status of Uninsured Motorist Claim
- [ ] Status of Bankruptcy [ ] as to all defendants [ ] as to _____
- [ ] Status of Binding Arbitration    [ ] Status of Reclassified Case
- [ ] (Other) _____

At the Status Conference the Court will determine the present status of the case, how to achieve compliance with time standards, whether any party has not been diligent in pursuing the case, and will make appropriate orders intended to move this matter forward to final disposition.

[✓] Plaintiff/Petitioner and self-represented parties must appear at the Status Conference unless within __5__ days before the status conference, the following has occurred:

- [ ] Arbitration Award has been filed.    [ ] A Request for Trial De Novo has been filed.
- [ ] Judgment has been entered.    [ ] Statement of Agreement has been filed.
- [✓] A Request for Dismissal of the entire action has been filed.
- [ ] Other _____

---

## ORDER

[✓] Plaintiff/Petitioner is ordered to give notice of said hearing forthwith to any party served with summons and complaint before the status conference hearing and file a Proof of Service in this department within __5__ days before the hearing.

Failure to comply or appear may result in an Order to Show Cause re the imposition of sanctions.

Dated: __02/05/2021__

_Susan Bryant-Deason_
Susan Bryant-Deason / Judge
Judicial Officer

## NOTICE OF STATUS CONFERENCE
## AND ORDER

LASC Local Rules, Chapter 7 Cal.
Rules of Court, rule 2.2 et seq.

EXHIBIT A, PAGE 60

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>02/05/2021<br><br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Isunza _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Anthony Davis | |
| DEFENDANT/RESPONDENT:<br>CVS Pharmacy, Inc., Rhode Island corporation et al | |
| CERTIFICATE OF MAILING | CASE NUMBER:<br>21STCV04310 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Status Conference and Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Matthew  Matern
Matern Law Group PC
1230 Rosecrans Avenue Suite 200
Manhattan Beach, CA  90266

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 02/5/2021                    By: __ M. Isunza __
                                                  Deputy Clerk

CERTIFICATE OF MAILING



SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

CENTRAL DISTRICT-STANLEY MOSK COURTHOUSE
CIVIL DIVISION
111 NORTH HILL STREET
LOS ANGELES, CALIFORNIA 90012

DEPT 52

U.S. POSTAGE >> PITNEY BOWES

ZIP 90012 $ 000.51⁰
02 4M
0000336112 FEB 05 2021

RECEIVED
FEB 11 2021
BY:

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>02/11/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Isunza _____ Deputy |
| PLAINTIFF(S):<br>Anthony Davis | |
| DEFENDANT(S):<br>CVS Pharmacy, Inc., Rhode Island corporation et al | |
| **NOTICE OF CASE REASSIGNMENT AND ORDER FOR**<br>**PLAINTIFF TO GIVE NOTICE (Dates Remain)** | CASE NUMBER:<br>21STCV04310 |

TO THE PLAINTIFF(S) AND PLAINTIFF'S ATTORNEY OF RECORD OR PLAINTIFF(S) IN PROPRIA PERSONA:

You are hereby notified that effective 02/16/2021_____, an order was made that the above-entitled action, previously assigned to Susan Bryant-Deason_____,

is now and shall be assigned to Armen Tamzarian_____

as an Individual Calendar (IC), direct calendaring judge for all purposes, including trial, in

department __52__ at Stanley Mosk Courthouse_____.

(See Chapter 3, Los Angeles Court Rules) All matters on calendar in this case will remain set on the dates previously noticed, in the department indicated above unless otherwise ordered by the court.

Notice is further given that plaintiff in propria persona or counsel for the plaintiff is ordered to give notice of this all-purpose case assignment by serving a copy of the notice on all parties to this action within 10 days of service of this notice by the court, and file proof of service thereof within 12 days of this notice. Failure to timely give notice and file proof of service may lead to imposition of sanctions pursuant to Code of Civil Procedure section 177.5 or otherwise.

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 02/11/2021_____                    By M. Isunza_____
                                                                            Deputy Clerk

**NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE**
**(Dates Remain)**

(Proposed LACIV 252)
LASC Approved 00-00                                                                                    Local Rules Chapter 3

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**02/11/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Isunza _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Anthony Davis | |
| DEFENDANT/RESPONDENT:<br>CVS Pharmacy, Inc., Rhode Island corporation et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV04310 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Reassignment and Order for Plaintiff to Give Notice upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Matthew  Matern
Matern Law Group PC
1230 Rosecrans Avenue Suite 200
Manhattan Beach, CA  90266

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 02/11/2021                    By: M. Isunza
                                                    Deputy Clerk

**CERTIFICATE OF MAILING**